IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IDA CHRISTINE KING | § | |
| | § | |
| V. | § | A-09-CA-317 LY |
| | § | |
| ALLEGIANCE MANAGEMENT, LLC | § | |

**ORDER**

Before the Court is the above-entitled cause of action and Plaintiff's Motion to Strike Defendant's Answer (Clerk's Doc. No. 19) filed March 13, 2010. The District Court referred all dispositive and non-dispositive motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

This is Fair Labor Standards Act unpaid overtime compensation cause of action. On April 23, 2009, Plaintiff filed her Complaint. Defendant filed its Answer on August 31, 2009. On September 30, 2009, counsel for Defendant filed an unopposed Motion to Withdraw stating that "on September 2, 2009, Defendant advised Movant that due to financial considerations, Defendant preferred not to continue to pursue or defend the litigation." *See* Motion to Withdraw (Clerk's Doc. No. 8). On October 13, 2009, the District Court held a hearing on the Motion to Withdraw and granted that Motion. *See* Order (Clerk's Doc. No. 14). No substitute counsel has since appeared representing Defendant.

Plaintiff now moves to strike the Defendant's Answer. Plaintiff argues that because Defendant has had ample time to secure additional counsel and has not, and because a corporate

entity cannot proceed pro se, the Magistrate should sanction Defendant by striking its Answer and entering a default judgment against Defendant.

In federal court, a corporation is not permitted to proceed pro se. "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). When a corporation declines to hire counsel to represent it, the court may properly strike its defenses. *See id.* (holding district court properly struck defenses of corporate defendant who declined to hire counsel). Thus if Defendant Allegiance Management, LLC, declines to hire licensed counsel, the Court may dismiss its defenses and enter a default judgment in favor of Plaintiff on all Plaintiff's claims.

Thus it is HEREBY ORDERED that Defendant Allegiance Management, LLC, shall have an attorney licensed to practice in this court appear on its behalf no later than May 1, 2010, or the undersigned will recommend that default judgment be entered against the Defendant and in favor of the Plaintiff on all claims.

SIGNED this 14th day of April, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE