## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IDA CHRISTINE KING | § | |
| | § | |
| V. | § | A-09-CA-317 LY |
| | § | |
| ALLEGIANCE MANAGEMENT, LLC | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Strike Defendant's Answer (Clerk's Doc. No. 19) filed March 13, 2010. The District Court referred all dispositive and non-dispositive motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.   BACKGROUND

This is a Fair Labor Standards Act unpaid overtime compensation cause of action. On April 23, 2009, Plaintiff filed her Complaint (Clerk's Doc. 1). Defendant filed its Answer on August 31, 2009 (Clerk's Doc. 7). On September 30, 2009, counsel for Defendant filed an unopposed Motion to Withdraw stating that "on September 2, 2009, Defendant advised Movant that due to financial considerations, Defendant preferred not to continue to pursue or defend the litigation." *See* Motion to Withdraw (Clerk's Doc. No. 8). On October 13, 2009, the District Court held a hearing on the Motion to Withdraw and granted that Motion. *See* Order (Clerk's Doc. No. 14). No substitute counsel has since appeared representing Defendant.

On March 3, 2010, Plaintiff moved to strike the Defendant's Answer (Clerk's Doc. No. 19). Plaintiff argues that because Defendant has had ample time to secure additional counsel and has not,

and because a corporate entity cannot proceed pro se, the Magistrate should sanction Defendant by striking its Answer and having the Clerk make an entry of default against Defendant.

On April 14, 2010, the Magistrate entered an Order requiring "that Defendant Allegiance Management, LLC, shall have an attorney licensed to practice in this court appear on its behalf no later than May 1, 2010, or the undersigned will recommend that default judgment be entered against the Defendant and in favor of the Plaintiff on all claims." (Clerk's Doc. No. 20). The Order was returned as "not deliverable as addressed" on April 27, 2010, (Clerk's Doc. No. 21), and the Defendant did not comply with the Order. The Defendant was given a second chance to cure its failure to hire counsel on April 28, 2010, when the District Court ordered the Defendant to have a licensed attorney appear on its behalf no later than May 17, 2010. (Clerk's Doc. No. 22). On May 13, 2010, this Order was also returned from both known possible addresses as "not deliverable as addressed. (Clerk's Doc. Nos. 23 and 24.) To date, no attorney has entered an appearance on behalf of Defendant.

## II.   ANALYSIS

In federal court, a corporation is not permitted to proceed pro se. "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). When a corporation declines to hire counsel to represent it, the court may properly strike its defenses. *See id.* (holding district court properly struck defenses of corporate defendant who declined to hire counsel); 28 U.S.C. § 1654. Since Defendant has failed to hire counsel and counsel has failed to enter an appearance on its behalf, Defendant's Answer is properly stricken.

2

Additionally "[t]he federal courts are vested with inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases[,]' . . . includ[ing] the power of the court to control its docket[.]" *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (footnote omitted) (addressing inherent power of court to control its docket by dismissing case as sanction for failing to obey court order) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962), and citing *In re United Mkts. Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994)).  The orderly and expeditious disposition of cases requires that if a litigant's address changes, he has a duty to inform the court of the change.  *See Shannon v. State of Louisiana*, 1988 WL 54768, No. 87-3951 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310, slip op. at *4 (5th Cir. May 19, 1985)).

It is apparent from the returned mail that Defendant has not apprised the Court of its current address.  Local Rule AT-3 requires a withdrawing attorney whose successor attorney who is unknown  to set forth the client's name, address, and telephone number in his or her Motion to Withdraw.  Rule AT-3 also requires the client to sign the document.  In this case, Defendant's former counsel complied with this rule and Charles Ames signed the document.  It is clear that Defendant in this case did not provide the Court with its correct address, or it has moved and not informed the Court of its new address.  By failing to provide the court with his correct address, Defendant has prevented the court from communicating with it and moving this case towards resolution.  Accordingly, pursuant to the Court's inherent power, Defendant's Answer should be stricken on this additional basis.

The Federal Rules of Civil Procedure contemplate a two part procedure when a default occurs. First, under Rule 55(a), upon a proper showing that a party has failed to plead or otherwise defend a case brought against him, the clerk of the court is required to enter a default.  FED. R. CIV. P. 55(a).  Plaintiff's motion requests such an entry of default. After default is entered by the Clerk, the Plaintiff may file a motion for entry of a default judgment under Rule 55(b).

3

Consistent with the Plaintiff's request, the Court will direct the Clerk to enter default in this case, which then permits the Plaintiff to move for a default judgment in the case.

### III.   ORDER

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Motion to Strike the Defendant's Answer(Clerk's Doc. No. 19) is **GRANTED** and the Defendant's Answer is ordered stricken from the record.  **IT IS FURTHER ORDERED** that the Clerk **ENTER** a Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a).

SIGNED this 4th day of June, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE