**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IDA CHRISTINE KING** | § | |
| | § | |
| **V.** | § | **A-09-CA-317 LY** |
| | § | |
| **ALLEGIANCE MANAGEMENT, LLC** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law (Clerk's Doc. No. 29) filed August 4, 2010. The District Court referred all dispositive and non-dispositive motions to the undersigned Magistrate Judge for a determination or recommendation pursuant to 28 U.S.C. §636(b), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

This is a Fair Labor Standards Act unpaid overtime compensation cause of action. On April 23, 2009, Plaintiff filed her Complaint (Clerk's Doc. 1). Defendant filed its Answer on August 31, 2009 (Clerk's Doc. 7). On September 30, 2009, counsel for Defendant filed an unopposed Motion to Withdraw stating that "on September 2, 2009, Defendant advised Movant that due to financial considerations, Defendant preferred not to continue to pursue or defend the litigation." *See* Motion to Withdraw (Clerk's Doc. No. 8). On October 13, 2009, the District Court held a hearing on the Motion to Withdraw and granted that Motion. *See* Order (Clerk's Doc. No. 14). No substitute counsel has since appeared representing Defendant.

On March 3, 2010, Plaintiff moved to strike the Defendant's Answer (Clerk's Doc. No. 19). Plaintiff argued that because Defendant has had ample time to secure additional counsel and had not,

and because a corporate entity cannot proceed pro se, the Magistrate Judge should sanction Defendant by striking its Answer and entering a default judgment against Defendant.

On April 14, 2010, the Magistrate Judge entered an Order stating "Thus it is HEREBY ORDERED that Defendant Allegiance Management, LLC, shall have an attorney licensed to practice in this court appear on its behalf no later than May 1, 2010, or the undersigned will recommend that default judgment be entered against the Defendant and in favor of the Plaintiff on all claims." (Clerk's Doc. No. 20). The Order was returned as "not deliverable as addressed" on April 27, 2010 (Clerk's Doc. No. 21), and the Defendant did not comply with the Order. The Defendant was given a second chance to cure its failure to hire counsel on April 28, 2010, when the District Court ordered the Defendant to have a licensed attorney appear on its behalf no later than May 17, 2010 (Clerk's Doc. No. 22). This order was also returned from both known possible addresses as "not deliverable as addressed on May 13, 2010 (Clerk's Doc. Nos. 23 and 24).

Needless to say, counsel never appeared on behalf of Defendant. On June 4, 2010, the Magistrate Judge granted Plaintiff's Motion to Strike Defendant's Answer and ordered that the Clerk enter a Clerk's Entry of Default. (Clerk's Doc. No. 25). The Clerk did so on the same day. (Clerk's Doc. No. 26).

Plaintiff now moves for entry of a default judgment under FED. R. CIV. P. 55(b)(2). She requests: actual damages in the amount of $2,716.00; liquidated damages in the amount of $2,716.00; attorney's fees in the amount of $5,061.50; and costs in the amount of $497.25. The total judgment is $10,990.75. *See* 29 U.S.C. § 216(b). Plaintiff has submitted various exhibits supporting her damages claims.

## II.   Analysis

The Court considers a motion for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(b)(2). Even if a defendant is technically in default, a

plaintiff is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989)). In determining whether to grant a default judgment, relevant factors include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998). The moving party must also show the amount of damages. If the claim is for a sum certain, a default judgment may be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993).

In this case, there are no material facts at issue. Plaintiff has pleaded the facts necessary to establish a violation of the federal Fair Labor Standards Act and for the recovery of liquidated damages under that act. Moreover, there is no evidence before the Court that Defendant made a good faith mistake in failing to defend this lawsuit or that excusable neglect would weigh against a default judgment. Defendant failed to replace its attorney after that attorney withdrew and failed to apprise this court of its proper address. Plaintiff and the Court made every attempt to serve Defendant with the Motion to Strike and Defendant was properly served with the cause of action and did answer. There being no substantial prejudice, the grounds for default being established, and no material issues of fact being in dispute, the Court determines that default judgment is warranted and RECOMMENDS that the District Court enter a final default judgment in this cause of action.

Since the damage amounts sought are sums certain, an evidentiary hearing is not necessary to establish damages. Specifically, Plaintiff has submitted her Declaration in which she states that

in the period of November 15, 2008, through April 6, 2009, she worked a total of 386 overtime hours for which she was not paid. She states that she is owed $2,716.00 in unpaid overtime wages. *See* Exhibit A to Plaintiff's Motion. The Magistrate RECOMMENDS that the District Court award Plaintiff actual damages for unpaid overtime wages in the amount of $2,716.00 and liquidated damages in the amount of $2,716.00, for a total of $5,432.00 in damages.

Plaintiff also seeks costs in the amount of $497.25 and attorney's fees in the amount of $5,061.50. Under the FLSA, the award of attorney's fees is mandatory. 29 U.S.C. § 216(b). The award of costs is also required pursuant to 28 U.S.C. § 1920. *See* 29 U.S.C. § 216. In support of her request for fees and costs, Plaintiff submits the declaration of attorney Charles Scalise, of the Ross Law Group, which represents Plaintiff in this action. Exhibit B to Motion for Entry of Default Final Judgment. The declaration and attached billing records detail the charges and expenses incurred on Plaintiff's behalf by the firm. The billing records identify the legal services performed, by whom such services were performed, the time expended thereon, and the hourly rate charged therefor. The affidavit also makes clear that the amounts are reasonable and commensurate with amounts typically charged in this market for the legal services provided in a case like Plaintiff's and by attorneys with comparable ability, experience, and skill of those retained by Plaintiff in this matter. The Court finds that the costs and fees are reasonable and necessary for the prosecution of Plaintiff's case. Accordingly, the Magistrate RECOMMENDS that the district court award Plaintiff attorney's fees in the amount of $5,061.50 and costs in the amount $497.25.

### III. Recommendation

The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Entry of Default Final Judgment (Clerk's Doc. No. 29) and ENTER a Default Judgment in Plaintiff's favor in the total amount of $10,990.75, as set out above.

## IV.  Warnings

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM-ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of September, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE